# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL KING, | CASE NO. 1:10-cv–02201-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS, WITHOUT LEAVE TO AMEND, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| WADDLE, et al., | |
| Defendants. | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Russell King is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed November 29, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently housed at California State Prison, Los Angeles. Plaintiff brings this action against Defendants Waddle, Frazier, Serreno, Mills, Cervantez, Billings, and Foston alleging violations of the First, Fifth, and Fourteenth Amendments and is seeking a declaratory judgment, injunctive relief, and actual, nominal, and punitive damages.

On April 16, 2009, Plaintiff was transported from Kern Valley State Prison ("KVSP") to Delano Hospital. Pursuant to prison policy, Plaintiff's personal property was confiscated by Defendants Waddle, Frazier, Sereno, Mills, and Cervantez who informed Plaintiff that his property would be returned to him when he came back from the hospital. On April 29, 2009, Plaintiff returned to KVSP and requested that his property be returned to him. Sergeant Broudie stated that he could not find Plaintiff's property.

Plaintiff filed an inmate appeal that was screened out because Plaintiff did not include the Property Inventory Sheet with the appeal form. Plaintiff sent a request to Defendant Mills to find out what happened to his property. Defendant Mills responded that he placed Plaintiff's property

in plastic bag with his CDCR number and name on it.

Plaintiff resubmitted his appeal, including the property sheet and received a response the he could seek reimbursement for his property at the second level. Plaintiff appeal was denied as violating Title 15 § 3193(a)(b). Plaintiff's third level appeal was screened out because he did not complete the second level of review.

### III. Discussion

#### A. First Amendment

Plaintiff alleges that he has been deprived of his right to petition the government for redress under the First Amendment by prison officials screening out his appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To the extent that Plaintiff attempts to allege failure to process his inmate appeal interferes with his access to the court due to the requirement that administrative remedies be exhausted prior to filing a section 1983 claim, 42 U.S.C. § 1997e(a), an improper denial of an inmate appeal would make the administrative remedy process unavailable and exhaustion would be excused. Sapp v. Kimbrell, 623 F.3d. 813, 822 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.)

#### B. Fourteenth Amendment

##### 1. Due Process

###### a. Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges

that his property was confiscated at KVSP when he was sent to the hospital and was subsequently lost. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful post deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable due process claim for the loss of his property. Further, the Court finds this claim is not capable of being cured through amendment and leave to amend shall not be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### b. Grievance Procedure

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff alleges that the state has created a liberty interest under California Code of Regulations, Title 15 section 3084.1, et al. States may create a liberty interest where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995). California regulations setting forth the grievance process for inmates appeals simply establish the procedural structure for processing inmate appeals and do not set forth any substantive standards. See Harbridge v. Schwarzeneger, No. 2:07-cv-04486-GW (SH), 2010 WL 2889522, * 14 (C.D. Cal. Feb. 9, 2010). Provisions that provides "procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) (citation omitted). Plaintiff fails to state a cognizable claim for a violation of due process due to his appeals being screened out.

### 2. Equal Protection

Plaintiff's complaint fails to set forth factual allegations that any defendant intentionally discriminated against him based on Plaintiff's membership in a protected class, Lee v. City of Los

4

Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The conclusory allegations of unequal treatment are insufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1949.

### C. Fifth Amendment

#### 1. Takings Clause

Plaintiff states that his property was taken without just compensation. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted). The loss of Plaintiff's property was not for a taking for public use and does not state a cognizable claim.

#### 2. Due Process

The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendant's in this action are state employees the Fifth Amendment Due Process Clause does not apply.

### D. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a

verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.

### E. Injunctive Relief

Plaintiff also seeks an order enjoining all defendants from violating his constitutional rights in the future. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at KVSP, the injunctive relief he is seeking is moot. Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 29, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's due process claim based upon the loss of his property is dismissed, with prejudice, for failure to state a cognizable claim;
4. Plaintiff's Fifth Amendment claims and requests for declaratory and injunctive relief are dismissed, without leave to amend;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 13, 2012           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE